**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Leyva, | No. CV-21-08112-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff seeks judicial review of the Social Security Administration ("SSA") Commissioner's decision denying his application for SSA disability benefits. Plaintiff filed an Opening Brief (Doc. 14) on January 24, 2022. Defendant filed a Response Brief (Doc. 17) on February 23, 2022. Plaintiff filed his Reply Brief (Doc. 18) on March 7, 2022. The Court has reviewed the briefs and the Administrative Record (Doc. 11, "R."). For the following reasons, the Court affirms the Administrative Law Judge's ("ALJ") decision.

**I.     Background**

On August 26, 2016, Plaintiff filed for an application for a period of disability and disability benefits with an alleged onset date of April 24, 2016. (R. at 330). An ALJ denied the application, but the Appeals Council remanded the matter back to the ALJ. (R. at 177, 196). After a second hearing, the ALJ issued another unfavorable decision. (R. at 13). The Appeals Council denied review. (R. at 1). This appeal followed.

In the most recent decision, the ALJ found that Plaintiff's diabetes mellitus, right eye rupture, bilateral knee osteoarthritis, vertigo secondary to Meniere's disease,

degenerative disc disease of lumbosacral spine, and fibromyalgia were severe impairments. (R. at 19). After reviewing the evidence, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with additional limitations. (R. at 24). In doing so, the ALJ gave little weight to the opinions of Plaintiff's treating physician, Dr. Alithea Gabrellas, M.D., because "they are outliers and are inconsistent with the medical evidence of record." (R. at 30).

## II.     Legal Standard

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P

of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. Discussion

Plaintiff raises one issue on appeal: whether the ALJ properly weighted the opinion of Dr. Gabrellas. As this case was filed before March 27, 2017, a treating physician's opinion is generally weighed more heavily than a non-treating physician's opinion. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).[1] However, "[a]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (cleaned up).

Dr. Gabrellas has three opinions in the record, all of which are dated September 20, 2016. (R. at 474–97). The first opined that Plaintiff could sit for six hours in an eight-hour workday, stand or walk for two hours in a workday, and occasionally lift fewer than ten pounds. (R. at 478). The second and third are substantially similar, although they do not offer opinions on how long Plaintiff could sit, stand, or walk. (R. at 487, 495). The opinions also indicate that Plaintiff has been prescribed knee braces to assist in functioning and that Plaintiff was unable to ambulate effectively. (R. at 477, 483). The ALJ found these opinions were inconsistent with Dr. Gabrellas' treatment notes that "reveal generally benign exams . . . ." (R. at 30). The ALJ also noted that records showing that Plaintiff used multiple devices for ambulation, included a cane and walker, and the ALJ noted that Plaintiff was not observed using any assistive device until March 2019. (*Id.*)

---

[1] The regulations concerning the weight afforded to medical opinions have since changed. *See* 20 C.F.R. § 404.1520c.

Plaintiff argues that the ALJ cherry picked evidence of "benign" exams. For example, Plaintiff argues that the ALJ ignored Dr. Gabrellas' treatment notes showing pain in his shoulder and back, for which Dr. Gabrellas prescribed Tylenol and ibuprofen. (Doc. 14 at 15) (citing R. at 638). He also cites notes showing September 2016 knee steroid injections were not helpful in relieving pain. (*Id.*) (citing R. at 566). Plaintiff also argues that the ALJ mischaracterized Dr. Gabrellas' intent when she indicated an inability to ambulate effectively, as she only intended to show that "certain aspects of his ambulation were limited by impairments." (Doc. 14 at 17). Plaintiff points to records from physical therapists and examinations showing knee pain. (*Id.*)

The Court finds that the ALJ supported the assignment of little weight to Dr. Gabrellas' opinions with substantial evidence. With respect to evidence of "benign" exams, treatment records cited by the ALJ show that Plaintiff's symptoms were regularly treated with conservative medications such as ibuprofen and diclofenac gel. (R. at 29). Plaintiff himself notes that Tylenol and ibuprofen were prescribed for his symptoms. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding that such conservative treatment does not evidence disabling pain). And although the September 2016 steroid injections did not alleviate any pain, notes from December 2017 show that Plaintiff reported positive results from August 2016 injections and that Plaintiff requested more. (R. at 855).

As to Plaintiff's ambulation, when Dr. Gabrellas opined that Plaintiff could not ambulate effectively in September 2017, the form gave examples such as "inability to walk a block at a reasonable pace or on an uneven surface, inability to walk enough to shop or bank, or inability to climb a few steps at a reasonable pace with the use of a single handrail." (R. at 483). The Court notes that April 2016 treatment notes cited by the ALJ, in which Plaintiff reported walking two miles a day for exercise. (R. at 26, 521). The ALJ noted that Plaintiff was not observed using a cane until March 2019. (R. at 30) (citing R. at 1027). This substantial evidence, in addition to the fact that Dr. Gabrellas failed to note Plaintiff's use of a cane or walker, weakens her opinions' persuasive force. The ALJ

properly afforded her opinions little weight.

**IV.    Conclusion**

The Court finds that substantial evidence supports the ALJ's determination.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.  The Clerk of Court is directed to enter judgment accordingly and terminate this action.

Dated this 22nd day of August, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge